4

**YU CHAI GAO, Petitioner,**

v.

**Alberto R. GONZALES, United States Attorney General, Respondent.**

No. 06–2848–ag.

United States Court of Appeals, Second Circuit.

March 29, 2007.

Wendy Tso, New York, NY, for Petitioner.

Peter D. Keisler, Assistant Attorney General, Civil Division, Christopher C. Fuller, Alison Marie Igoe, Senior Litigation Counsel, Office of Immigration Litigation, Washington, D.C., for Respondent.

PRESENT: Hon. RALPH K. WINTER, Hon. PIERRE N. LEVAL and Hon. JOSÉ A. CABRANES, Circuit Judges.

## *SUMMARY ORDER*

Petitioner Yu Chai Gao, a native and citizen of the People's Republic of China, seeks review of a May 26, 2006 order of the BIA denying her motion to reopen her removal proceedings. *In re Yu Chai Gao,* No. A 78 066 396 (B.I.A. May 26, 2006). We assume the parties' familiarity with the

underlying facts and procedural history of the case.

This Court reviews the BIA's denial of a motion to reopen for abuse of discretion. *See Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir.2005) (per curiam). It is not an abuse of discretion to deny a motion to reopen which fails to satisfy the regulatory requirements for reopening. *See INS v. Abudu*, 485 U.S. 94, 104–05, 108 S.Ct. 904, 99 L.Ed.2d 90 (1988). Because Gao's motion was filed more than ninety days after the last administrative decision in her case, Gao was required to demonstrate changed circumstances in China, which arose since the IJ closed the record of proceedings and which gave rise to a claim for asylum, withholding, or CAT relief. *See* 8 C.F.R. § 1003.2(c)(3)(ii). Changes in an applicant's personal circumstances, including the birth of children in the United States, does not constitute changed circumstances in the applicant's country of removal. *Wei Guang Wang v. BIA*, 437 F.3d 270, 273 (2d Cir.2006).

Here, the only change Gao alleges which gave rise to a fear of persecution or torture was the birth of her second U.S.–born child—her third child overall—as her adopted daughter remains in China. This allegation does not constitute changed circumstances in China. *See id.* Therefore, even if Gao demonstrated a realistic chance of establishing her eligibility for asylum, Gao failed to satisfy the regulatory requirement that her eligibility for asylum was based on changed circumstances in China. *See* 8 C.F.R. § 1003.2(c)(3)(ii). Therefore, the BIA did not abuse its discretion in denying Gao's motion to reopen. *See Abudu*, 485 U.S. at 104–05, 108 S.Ct. 904.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).